# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1895, IN THE SEVENTY-
NINTH YEAR OF THE STATE.

———————◆———————

No. 1,114.

MOLK *v*. THE DAVIESS COUNTY AGRICULTURAL, ETC., AS-
SOCIATION.

COUNTY FAIR.—*Races.*—*Postponement.*—*Discretion of Fair Officers.*—
*Presumption.*—A reasonable discretion must be allowed those in
charge of a county fair to determine when races shall terminate for
a given day, and it will be presumed that the judges of the races
acted fairly and within the exercise of a sound discretion when
they declare a race postponed till the following day.

From the Daviess Circuit Court.

*E. C. Vance* and *F. L. Vance*, for appellant.
*J. H. O'Neall* and *M. G. O'Neall*, for appellee.

REINHARD, C. J.—This action was brought by the ap-
pellant to recover of the appellee a premium of $75 on ac-
count of being the successful competitor in a certain
horse race had in connection with the appellee's county
fair in September, 1892. The overruling of the motion

(542)

for a new trial is the sole error relied upon. It is insisted that the finding is not supported by the evidence.

The defense to the action was that when the race was called it was late in the evening, and the judges decided to postpone it till next morning, and so announced; that the by-standers demanded that the race proceed; that the riders, probably in the mistaken belief that the signal had been given, started the horses and ran the race after it had been declared "off." There was evidence to sustain the theory of the defense. A reasonable discretion must be allowed those in charge of the fair to determine when the races shall terminate for a given day. The presumption is that the judges of the races acted fairly and were within the exercise of a sound discretion when they declared the race postponed till the following day. There is nothing to show that they violated their rules or acted in bad faith. There is evidence tending to prove that the race was run in obedience to the clamor of the by-standers, and after it had been postponed by the judges; that it was postponed till next morning, when it came off; that the appellant knew of the postponement and protested against it; that on the next morning he declined to enter the race, and that the premium money was paid to the winner. If the court believed this evidence it did not err in its conclusion.

Judgment affirmed.

Filed May 28, 1895.